**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3990-14T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WAYNE PARKER,

    Defendant-Appellant.

_____

Submitted May 25, 2017 - Decided July 6, 2017

Before Judges Lihotz and Mawla.

On appeal from Superior Court of New Jersey,
Law Division, Cumberland County, Indictment
No. 04-02-0178.

Joseph E. Krakora, Public Defender, attorney
for appellant (Monique Moyse, Designated
Counsel, on the brief).

Jennifer Webb-McRae, Cumberland County
Prosecutor, attorney for respondent (Stephen
C. Sayer, Assistant Prosecutor, of counsel and
on the brief).

PER CURIAM

Defendant Wayne Parker appeals from a January 19, 2015 order denying his application for post-conviction relief (PCR). For the reasons stated below, we affirm.

These facts are taken from the record. On June 30, 2005, defendant was convicted of two counts of first degree kidnapping N.J.S.A. 2C:13-1(b)(1), two counts of third degree criminal restraint N.J.S.A. 2C:13-2(a), one count of first degree robbery and one count of second degree robbery N.J.S.A. 2C:15-1(a)(1), one count of first degree conspiracy and one count of second degree conspiracy N.J.S.A. 2C:5-2, one count of second degree burglary N.J.S.A. 2C:18-2, two counts of second degree aggravated assault N.J.S.A. 2C:12-1(b)(1), and one count of third degree aggravated assault N.J.S.A. 2C:12-1(b)(7).

After sentencing, defendant appealed from his conviction, which we affirmed. State v. Parker, No. A-1593-05 (App. Div. July 13, 2009). Defendant filed a petition for PCR on January 29, 2010, which was denied without prejudice. On October 18, 2010, defendant re-filed his petition and it was denied following a non-evidentiary hearing. In this appeal, defendant advances the following arguments:

POINT I

MR. PARKER IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL.

POINT II

THIS MATTER MUST BE REMANDED BECAUSE THE PCR COURT DENIED RELIEF WITHOUT STATING FINDINGS OF FACT OR CONCLUSIONS OF LAW (NOT RAISED BELOW).

I.

The PCR process affords an adjudged criminal defendant a "last chance to challenge the 'fairness and reliability of a criminal verdict[.']" State v. Nash, 212 N.J. 518, 540 (2013); see also Rule 3:22-1. As to our standard of review, "where the [PCR] court does not hold an evidentiary hearing, we may exercise de novo review over the factual inferences the trial court has drawn from the documentary record." State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014).

A petition for PCR may be granted upon the following grounds:

(a) Substantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey;

(b) Lack of jurisdiction of the court to impose the judgment rendered upon defendant's conviction;

(c) Imposition of sentence in excess of or otherwise not in accordance with the sentence

authorized by law if raised together with other grounds cognizable under paragraph (a), (b), or (d) of this rule. Otherwise a claim alleging the imposition of sentence in excess of or otherwise not in accordance with the sentence authorized by law shall be filed pursuant to R. 3:21-10(b)(5).

(d)  Any ground heretofore available as a basis for collateral attack upon a conviction by habeas corpus or any other common-law or statutory remedy.

[R. 3:22-2.]

"Post-conviction relief is neither a substitute for direct appeal, [Rule] 3:22-3, nor an opportunity to relitigate cases already decided on the merits, [Rule] 3:22-5." State v. Preciose, 129 N.J. 451, 459 (1992).

Consequently, petitioners may be procedurally barred from post-conviction relief under Rule 3:22-4 if they could have, but did not, raise the claim in a prior proceeding, unless they satisfy one of the following exceptions:

(a) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or (b) that enforcement of the bar would result in fundamental injustice; or (c) that denial of relief would be contrary to the Constitution of the United States or the State of New Jersey.

[Ibid.]

II.

4                                                    A-3990-14T2

We first turn to defendant's argument he was entitled to an evidentiary hearing to address his claim of ineffective assistance of counsel. In order to establish ineffective assistance of counsel, defendant must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). Defendant must show: (1) "counsel's performance was deficient[,]" which requires defendant to prove "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) "the deficient performance prejudiced the defendant" because "counsel's errors were so serious as to deprive defendant of a fair trial[.]" Fritz, supra, 105 N.J. at 52 (quoting Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693).

As to prong one, the Strickland Court "endorsed extreme deference in evaluating the performance of counsel, requiring 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . .'" Fritz, supra, 105 N.J. at 52 (quoting Strickland, supra, 466 U.S. at 688-89, 104 S. Ct. at 2065, 80 L. Ed. 2d at 694). As to prong two, defendant must prove he was prejudiced, it is not presumed. Fritz, supra, 105 N.J. at 52 (citing Strickland, supra, 466 U.S. at 692-93, 104

5

S. Ct. at 2067, 80 L. Ed. 2d 696-97).  Also, defendant must show there is: "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698. "To establish a prima facie claim of ineffective assistance of counsel, a defendant must demonstrate the reasonable likelihood of succeeding under the test set forth in [Strickland.]" Preciose, supra, 129 N.J. at 463.

### A.

Defendant asserts his attorney was ineffective "for failing to challenge the evidence elicited about [the victim's] injuries, failing to present [a] conflict of interest issue adequately, [and] failing to file motions to suppress evidence seized because the warrants lacked probable cause . . . ."  He states he demonstrated a prima facie showing of ineffective assistance of counsel to the PCR court, and "his overall claim is dependent on evidence outside of the record, namely, testimony from his trial attorney."  As a result, he argues he was entitled to an evidentiary hearing on this issue and challenges the PCR court's findings to the contrary.

An evidentiary hearing should only be granted if a defendant has presented a prima facie claim of ineffective assistance of counsel. Id. at 462.

> Thus, in determining the propriety of an evidentiary hearing, the PCR court should ascertain whether the defendant would be entitled to post-conviction relief if the facts were viewed "in the light most favorable to defendant." If that inquiry is answered affirmatively, then the defendant generally is entitled to an evidentiary hearing in order to prove the allegations. We observe, however, that there is a pragmatic dimension to the PCR court's determination. If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to post-conviction relief, or that the defendant's allegations are too vague, conclusory, or speculative to warrant an evidentiary hearing, then an evidentiary hearing need not be granted.
>
> [State v. Marshall, 148 N.J. 89, 158 (1997) (citations omitted).]

At defendant's trial, a victim and two police officers testified regarding the injuries the victim suffered leading to defendant's conviction on aggravated assault. Defendant claims his counsel "failed to obtain and review [the victim's] medical records, interview her doctors, or consult with an independent medical expert." As a result, he claims he was unable to exercise his constitutional right to confront the victim and witnesses, as to whether the victim's injuries were minor or serious. He states

his medical expert reviewed the victim's medical records in support of defendant's PCR application, and concluded she had not suffered significant bodily injuries. Defendant argues expert testimony and medical records would have allowed the jury to conclude the victim exaggerated the incident. He points to the fact the jury acquitted him on other charges, despite the victim's testimony, to demonstrate the jury may have also acquitted him of the aggravated assault charge.

The PCR court stated: "[defendant] ignores the fact that both the robbery and aggravated assault charges [defendant] was convicted of require [him] to either cause serious bodily injury or attempt to cause serious bodily injury. [Defendant's] report does not and cannot speculate on whether [defendant] attempted to cause serious bodily injury." We agree with the PCR judge. Defendant failed to meet the second prong of <u>Strickland</u> because the jury could have found him guilty whether he caused or attempted to cause serious bodily injury by repeatedly striking the victim, an eighty-year-old woman, in the face.

Moreover, we agree with the PCR judge's assessment an ineffective assistance of counsel claim does not arise merely because medical expert testimony was not presented on defendant's behalf. We recognize trial counsel has discretion in defending a prosecution. "[C]ounsel has a duty to make 'reasonable

investigations or to make a reasonable decision that makes particular investigations unnecessary.' A failure to do so will render the lawyer's performance deficient." State v. Chew, 179 N.J. 186, 205 (2004) (quoting State v. Savage, 120 N.J. 594, 617-18 (1990)).

Defendant has failed to meet the second prong of the Strickland test, because the arguments he advances do not show the jury would have acquitted him of attempting to cause serious bodily injury to the victim. Also, the fact the jury acquitted defendant of other charges has no discernable link to demonstrate a likelihood of acquittal for aggravated assault. Indeed, defendant was acquitted of aggravated sexual assault, sexual assault, and a count of first degree robbery, which are charges bearing different characteristics than aggravated assault.

B.

Next, defendant argues his counsel was ineffective because he failed to present a conflict of interest issue, namely, counsel made advances towards defendant's fiancé, Lena Wilson, which compromised his representation. He states, "trial counsel failed to properly serve Lena Wilson pursuant to [Rule] 1:9-1 and [Rule] 1:9-3 because he left a subpoena at her home when she was not there." Defendant asserts his counsel's failure to produce Wilson was important because "a report by his PCR counsel's investigator

indicat[ed] that Lena Wilson confirmed that trial counsel made a sexual advance toward her and then ignored her when she rebuffed [trial counsel]."

Defendant claims the trial court conducted the hearing without Wilson and with trial counsel who could not adequately represent him because of the conflict of interest. Defendant asserts trial counsel's conflict of interest impacted his performance as demonstrated by the failure to file motions to suppress search warrants issued without probable cause for Wilson's car and home and defendant's home.

The PCR judge fully addressed this issue. He considered a certification defendant submitted from Wilson claiming she was never served with the subpoena. The PCR judge found trial counsel's query of Wilson: "If I scratch your back will you scratch mine?" was not a sexual advance. He found the assertion Wilson never received the subpoena conflicts with the testimony of the investigator certifying Wilson called him after he left the subpoena at her residence. The PCR judge noted defendant repeatedly played a "cat and mouse" game with the court by waiting to the eve of a hearing, submitting last minute certifications, such as the one from Wilson, requesting his counsel be relieved. The PCR judge further stated:

> [Wilson's] assertion that her subjective perception of this one statement that was allegedly made is without support. This assertion [in her certification] is actually less than that which was alleged and considered by the trial court. Furthermore, and most importantly, there is no argument that has been made or advanced that this newly presented certification would change the opinion of our Appellate Division which has already concluded, "Moreover, defendant offers no evidence of defense counsel's failure to fulfil his ethical and professional responsibilities to him in conformity with the Rules of Professional Conduct. In contrast, the record supports the conclusion that counsel's professional representation of defendant surpassed that required by the Sixth Amendment."

"It is undisputed that a defendant has the right to counsel whose representation is unimpaired and whose loyalty is undivided." State v. Murray, 162 N.J. 240, 249 (2000). When a conflict has been alleged, "[t]he relevant inquiry in potential conflict of interest situations is the potential impact the alleged conflict will likely have upon defendant." Id. at 250. Here, we previously held trial counsel's performance exceeded the standard required by the Sixth Amendment under Strickland. Defendant offers no proof trial counsel failed to make motions to suppress because of an alleged sexual advance on Wilson. The record contradicts Wilson's unsupported certification claiming she was not served a subpoena. Defendant failed to provide prima facie evidence of how her testimony would have led to a different outcome.

Defendant also argues trial counsel was ineffective for "failing to file motions to suppress evidence seized because the warrants lacked probable cause." Defendant asserts the warrant for Wilson's car and home were based on: (1) an anonymous tip whose veracity and basis were not identified; information from a citizen contact indicating Wilson may have knowledge of the crime, although Wilson then refused to speak with police; and (2) a conversation with Lena Bricker, Wilson's grandmother, who informed police Wilson told her defendant had the proceeds of the robbery. Defendant contends Bricker told defendant's investigator she had been threatened by two detectives into making Wilson cooperate with the State's investigation. Defendant asserts Wilson also informed defense investigators she was threatened with removal of her children if she failed to cooperate and implicate defendant. He argues Wilson and Bricker's statements corroborate one another and evidence the search warrant lacked probable cause.

Defendant argues the search warrant for his home lacked probable cause because it was based on the same information the police used to secure the warrant for Wilson's car and home. Specifically, he states, "[b]ecause the warrant for Lena Wilson's home was issued based on an affidavit without probable cause . . . the proceeds from that search were fruits of the poisonous tree,

and could not be used to support a finding of probable cause in this subsequent affidavit."

Defendant contends trial counsel was ineffective because anything derived from these invalid searches should have been suppressed, yet counsel failed to make any such motion.

The PCR judge addressed these claims at length and found:

> the State's Exhibits C and D show that [Wilson] initially reaffirmed her statement from Ms. Bricker which led to the warrant. Ms. Bricker's statement was sufficient to establish probable cause for the warrant, as she named petitioner and directly accused him of a specific crime for which he was already a reasonable suspect. If trial counsel had challenged the warrant the challenge would have been fruitless. There is a high standard when one seeks suppression based upon a warrant. Assuming that statement to be false, it would still require the absence of probable cause with that information redacted. The Petitioner has failed to establish how that application could have been successful in the absence of those statements. Furthermore, assuming there was an omission of facts provided in the affidavit, e.g. where the challenger alleges the affidavit is fatally inaccurate by reason of omission, the issue is whether the information omitted from the affidavit is material. The test for materiality is whether inclusion of the omitted information would defeat a finding of probable cause[.] [See State v. Smith, 212 N.J. 365, 399 (2012)].
>
> In the case at bar, the search warrants were based upon competent and credible evidence. The statements provided to the Office of the Public Defender were provided well after the warrant was prepared and executed. The

13

> warrants were obtained based upon information available to the investigating officers. Therefore the petitioner cannot satisfy the Strickland test. As noted above, Strickland requires counsel to abide by professional norms. Strickland, supra, 466 U.S. at 688. Here, a professional may have chosen not to object to the search because of the likelihood of failure. Because a challenge to the warrant would have likely failed and counsel likely made the reasoned decision not to pursue based on the futility of that argument, Petitioner's argument fails.

We agree with this assessment. "[A] search executed pursuant to a warrant is presumed valid[.]" State v. Marshall, 199 N.J. 602, 612 (2009). "Once the issuing judge has made a finding of probable cause on the proof submitted and has issued a search warrant, a reviewing court is obliged to pay substantial deference to his determination." State v. Sheehan, 217 N.J. Super. 20, 27 (App. Div. 1987). "The facts should not be reviewed from the vantage point of twenty-twenty hindsight by interpreting the supporting affidavit in a hypertechnical, rather than a commonsense manner." Id. at 27 (citing United States v. Ventresca, supra, 380 U.S. 102, 109, 85 S. Ct. 741, 746, 13 L. Ed. 2d 684, 689 (1965)).

It is undisputed the claims of threats by Wilson and Bricker were made years after they gave their original statements and after the warrants were issued. Indeed, defendant does not challenge the judge's findings of probable cause when issuing the

14

warrants. The standard is clear, it is not what is known later, but what was known at the time, which governs the probable cause to issue a warrant. Therefore, the PCR judge was correct in finding defendant failed to meet Strickland's requirements on this issue.

For these reasons, we reject defendant's assertion his trial counsel was deficient for failing to file motions to suppress the warrants. "'Judicial scrutiny . . . must be highly deferential,' and must avoid viewing [counsel's] performance under the 'distorting effects of hindsight.'" State v. Arthur, 184 N.J. 307, 318-319 (2005) (quoting State v. Norman, 151 N.J. 5, 37 (1997)).

> Because of the inherent difficulties in evaluating a defense counsel's tactical decisions from his or her perspective during trial, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"
>
> [Id. at 319 (citations omitted).]

Trial counsel has latitude regarding tactical decisions up to and during trial. Moreover, as noted by the PCR judge, even if trial counsel had filed a motion to suppress, it would have been fruitless based on the viability of the warrants issued. We

agree. Defendant failed to establish a prima facie case of ineffective assistance of counsel, thereby warranting an evidentiary hearing.

## III.

Defendant argues this matter must be remanded because the PCR judge did not make findings relating to his ineffective counsel claim, specifically the following five points:

> (1) failing to file a motion to question prospective jurors about drugs or a motion to exclude testimony about drugs at trial; (2) failing to challenge adequately the court's accomplice charge; (3) failing to request criminal records of the state's witnesses; (4) failing to object to the jury learning that [defendant] was in custody pretrial; and (5) failing to request a charge as to a cooperating co-defendant.

Rule 3:22-4 states:

> (a) First Petition for Post-Conviction Relief. Any ground for relief not raised in the proceedings resulting in the conviction, or in a post-conviction proceeding brought and decided prior to the adoption of this rule, or in any appeal taken in any such proceedings is barred from assertion in a proceeding under this rule unless the court on motion or at the hearing finds:
>
> > (1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or
> >
> > (2) that enforcement of the bar to preclude claims, including one for ineffective assistance of counsel,

would result in fundamental injustice; or

(3) that denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey.

. . . .

Of the five issues raised, only the fifth -- "failing to request a charge as to a cooperating co-defendant" -- was presented on appeal. Therefore, pursuant to Rule 3:22-4, defendant is barred from asserting the four aforementioned claims, unless he meets one of the aforementioned exceptions.

Defendant does not meet the exceptions under Rule 3:22-4(a)(1) or (3). Although he had ample opportunity to raise these issues on appeal, he did not. Further, the claims do not arise from a new rule of constitutional law. As to Rule 3:22-4(a)(2), "'[f]undamental injustice' within the meaning of [Rule] 3:22-4(a)(2) expressly includes claims for ineffective assistance of counsel." Pressler & Verniero, Current N.J. Court Rules, cmt. 4 on R. 3:22-4(a)(2) (2017) (citing State v. Reevey, 417 N.J. Super. 134, (App. Div. 2010), certif. denied, 206 N.J. 64 (2011)).

Additionally, the PCR judge did not address whether trial counsel was ineffective as to the five claims raised by defendant. However, points one (failing to file a motion to question

prospective jurors about drugs or a motion to exclude testimony about drugs at trial) and three (failing to request criminal records of the State's witnesses) were not briefed and appeared only as point headings. Pursuant to Rule 3:22-10(c), "[a]ny factual assertion that provides the predicate for a claim of relief must be made by an affidavit or certification pursuant to [Rule] 1:4-4 and based upon personal knowledge of the declarant before the court may grant an evidentiary hearing." Additionally, Rule 3:22-10(e)(2) states a court shall not grant an evidentiary hearing, where "the defendant's allegations are too vague, conclusory or speculative[.]" Thus, defendant is barred from asserting claims not attested to by affidavit or certification. The PCR court was not required to make findings as to points one and three and we do not consider them further.

As to point two (failing to challenge adequately the court's accomplice charge), defendant's PCR brief argues because the jury requested clarification on the accomplice liability charge, they were not adequately charged. However, a jury charge will not be grounds for appeal unless it amounts to plain error. State v. Hock, 54 N.J. 526, 538 (1969), cert. denied, 399 U.S. 930, 90 S. Ct. 2254, 26 L. Ed. 2d 797 (1970). Plain error is shown by "legal impropriety in the charge prejudicially affecting the substantial rights of the defendant and sufficiently grievous to justify notice

18                                                      A-3990-14T2

by the reviewing court and to convince the court that of itself the error possessed a clear capacity to bring about an unjust result." Ibid. Defendant's argument is so sparse he has not sufficiently briefed the issue. R. 3:22-10(c). Therefore, we decline to address the assertions.

Lastly, defendant correctly argues the PCR judge failed to discuss points four and five, even though the issues were adequately briefed before the PCR court. We address these issues.

Following our review we conclude defendant does not prove counsel's failure to object to testimony referencing his incarceration changed the outcome of his trial. Importantly, the trial judge instructed the jury on this issue stating:

> [A]s you know, there was some testimony that at some point, Mr. Parker was in the Cumberland County Correctional Facility, or that he had some form or relationship to that facility. This information is not to be used to show in any way that Mr. Parker is a bad person or that he is disposed to commit crimes. An innocent person could be in jail simply by reason of an inability to make bail on a given charge. Whatever brought Mr. Parker to that facility is irrelevant to your determinations in this case, and you should not speculate about it. You should not consider this in your deliberations in any way. This evidence is before you solely for the limited purpose as it pertains to the evidence introduced to show ... discussions between Mr. Parker and Mr. Palmer.

We are satisfied the limiting instruction given by the trial judge clearly and expressly instructed the jury defendant's pre-trial incarceration was not relevant to their deliberation. Defendant has not pointed to any evidence the jury either ignored or misunderstood this instruction. Jurors are presumed to follow instructions. State v. Patterson, 435 N.J. Super. 498, 511 (2014).

In point five, defendant argues trial counsel was ineffective for failing to request the jury be given the New Jersey Criminal Model Jury Charge: Testimony of a Cooperating Co-defendant or Witness relating to testimony the State offered against defendant by a co-defendant John Palmer. He states that if the jury was given the proper charge they would have been alerted to Palmer's potentially biased testimony.

Regarding credibility, we have previously stated "[i]n some cases, the trial court may be required to give special instructions to guide the jury's consideration of evidence which poses particular credibility issues not adequately addressed by general credibility instructions. The kinds of evidence which require special credibility instructions include . . . accomplice testimony . . . ." State v. Walker, 322 N.J. Super. 535, 546 (App. Div. 1999).

> On the other hand, the court's instructions regarding the jury's assessment of credibility are provided solely to assist the jury in

20

performing its fact-finding responsibilities. Thus, general credibility instructions identify various factors, such as the manner in which a witness testified, his or her means of obtaining knowledge of the facts and his or her interest in the outcome of the trial, which the jury "may take into consideration" in determining credibility. Model Jury Charges (Criminal) Criminal Final Charge: Credibility of Witness (Feb. 24, 1997).

. . . .

Moreover, because general and special credibility instructions relate to the jury's performance of its fact-finding responsibilities, the prosecutor and defense counsel may comment at length in their summations regarding the criteria applicable to the jury's evaluation of the witnesses' credibility. Therefore, in determining whether a trial court's failure to give a special credibility instruction constitutes reversible error, a reviewing court must consider not only the entire trial record, including the cross-examination of any witness whose testimony calls for a special credibility instruction, but also the prosecutor's and defense counsel's summations.

[Id. at 547.]

Here, the State offered Palmer's testimony, which addressed his role in the crime and plea agreement. He was subjected to direct and cross-examination, giving the jury the opportunity to assess his credibility. Also, both defense counsel and the prosecutor spoke at length during summations regarding the credibility of Palmer. Specifically, defendant's counsel argued

"[w]hat's very important about your weighing of the testimony of John Palmer is that he is not believable and that he is not credible. And the reason for this is that he has a reason and he has a motive. It's called the art of self-preservation." Defense counsel further argued to the jury there was "reasonable doubt" and a basis to question Palmer's credibility, due to the fact his sentence was directly tied to his testimony. Defense counsel argued "[Palmer] has a noose around his neck that opens and shuts according to his testimony."

The prosecutor also addressed Palmer's sentence in her summation, stating: "his sentence recommendation is ten to [twenty] years, [in] New Jersey State Prison, that will run concurrent." The prosecutor also argued, "not once has [Palmer] ever said that it wasn't himself [sic] who committed this crime. And not once has he ever said that it was anyone other than Keith Kenion, Wayne Parker, and John Palmer who committed these crimes against Mr. and Mrs. Young."

Lastly, the trial judge gave the following instruction regarding credibility of witnesses generally:

> If you believe that any witness or party willfully or knowingly testified falsely to any material facts in the case with the intent to deceive you, you may give it such weight to his or her testimony as you may deem it to be entitled. You may believe some of it, or

you may in your discretion, disregard all of it.

Even though the specific co-defendant credibility charge was not given, defendant failed to show how this lapse impacted the outcome. There was an expansive discussion of Palmer's credibility. The judge's instructions provided the jury with guidance on the issue. The jury was able to assess Palmer's credibility through the lens of his testimony and argumentation of counsel. The trial judge's charge instructing the jury on the mechanics of determining credibility was sufficient.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3990-14T2